**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOUREY NEWELL,**<br>　　　　*Plaintiff,*<br>　v.<br>**STRATEGIC ADMINISTRATION GROUP, INC.,**<br>　　　　*Defendant.* | **Case No. 2:20-cv-00967-JDW** |

**ORDER**

**AND NOW**, this 11th day of May, 2020, the Court hereby **ORDERS** counsel for the Parties to appear for a Pretrial Conference pursuant to Fed. R. Civ. P. 16(a) at the James A. Byrne United States Courthouse located at 601 Market Street, Philadelphia, PA 19106 in Room 3809, at **11:00 a.m.** on **June 4, 2020**. Lead counsel shall participate in the joint conference conducted pursuant to Fed. R. Civ. P. 26(f) and attend the pretrial conference in person. The Court shall deem the attorney who participates in the Rule 26(f) conference and who takes the lead at the pretrial conference as lead counsel for all matters going forward in the case. At least seven (7) days prior to the pretrial conference, counsel for the Parties shall submit via email, in the form attached hereto, a joint report of the conference that they conduct pursuant to Fed. R. Civ. P. 26(f). A Word version of this form is available on Judge Wolson's page on the Court's website. The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at least one (1) business day in advance of the Rule 16 conference.

　　　　Due to the Covid-19 pandemic, the Court will re-evaluate the need to conduct the pretrial conference telephonically closer to the scheduled date.

　　　　　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Joshua D. Wolson*
　　　　　　　　　　　　　　　　　　　　　　　　　JOSHUA D. WOLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff,

v.

Defendant.

Case No.

# JOINT RULE 26(f) REPORT

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

**I.  Counsel**

    A. Lead counsel for Plaintiff(s):  _____

    B. Lead counsel for Defendant(s):  _____

    C. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

        _____
        _____
        _____

    D. Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

        _____
        _____
        _____

**II.  Description of Claims and Defenses**

The Parties should assume that the Court has read the Complaint and is familiar with the claims.  However, the Court does not know all of the facts supporting those claims, nor the factual bases for the defenses.  Therefore, counsel shall summarize the primary facts and threshold legal issues. **Counsel should not merely parrot their pleadings.**  In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already

(e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**III.     Anticipated Scope of Discovery**

    A.  Summarize with specificity those issues on which the Parties will need to conduct discovery.  Identify categories of information each Party needs in discovery and why.

    B.  Anticipated number of interrogatories per Party: _____

    C.  Anticipated number of depositions per Party: _____

    D.  To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.

    E.  Do the Parties anticipate the need for any third-party discovery?  If so, identify the likely third-parties and the discovery to be sought.

    F.  Do the Parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.

**IV.     Status of Discovery**

The Parties must summarize the status of discovery to-date.  If nothing has been done in terms of discovery, the Parties should explain why.  In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

**V.     Proposed Case Management Deadlines**

When completing this section, the Parties should presume that the Court will *not* bifurcate fact and expert discovery.  Therefore, the Parties should propose dates that take that presumption into account.

    A.  Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): _____

    B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): _____

    C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): _____

    D. Deadline for rebuttal expert reports (if any): _____

    E. Deadline to complete discovery: _____

    F. If any Party seeks more than 120 days for fact discovery, explain why.

    G. Deadline to file motion for summary judgment: _____

## VI. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? \_\_\_ Yes \_\_\_ No

If yes, what are those dates? _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside? _____

## VII. Electronic Discovery

**<u>Prior to the Rule 16 conference</u>**, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any

anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

### VIII.    Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Wolson's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

### IX.    Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

### X.    Consent to Send Case to a Magistrate Judge

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

## XI. Policies and Procedures

Judge Wolson's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Wolson will strike pleadings and other submissions that do not comply with his Policies and Procedures.

## XII. Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

[*DATE & SIGNATURES OF THE PARTIES*]