# Anthony Paronich

| | |
|---|---|
| **From:** | Anthony Paronich <anthony@paronichlaw.com> on behalf of Anthony Paronich |
| **Sent:** | Monday, July 20, 2020 3:05 PM |
| **To:** | Sofia Medina; csm@consumerlaw365.com |
| **Cc:** | Genevieve Bradley; Biniam Tesfamariam; Coller, Brenden |
| **Subject:** | RE: Newell v. Strategic: Def's First Obj and Resp to Pl's RFPs and Interrogatories |

Gen:

Thanks for chatting with me today. To recap:

- We'll look for a production by August 7.
- Interrogatory No. 3 – we're requesting that this response be supplemented for Celtic Marketing.
    - **We're agreed because for purposes of this request, we'll limit "vendor" to Authorized Producer.**
- Interrogatory No. 4 – we're requesting that this response be supplemented for Celtic Marketing
    - **We're agreed because for purposes of this request, we'll limit "vendor" to Authorized Producer. This will include a lead generation or dialing company.**
- We'd like to confer on Interrogatory No. 5. It seems unclear how SAG's position could be that no one from SAG or Celtic Marketing spoke with the Plaintiff.
    - **You don't know who at Celtic spoke to the Plaintiff. No supplement is needed.**
- A complete response should be provided for Interrogatory No. 10, 11 and 12, which is relevant to vicarious liability.
    - **We will limit 10 to 1/1/18 forward, and based on that we can agree to 10, 11 and 12. For 11 and 12, we'll limit that to actual customers (not leads, since leads don't exist in this relationship).**
- For the document requests, a protective order is a FRCP 26 issue. Please provide a draft that we could consider jointly or a motion should be filed. Furthermore, is SAG claiming that *all* responsive documents it has are confidential?
    - **That's all set now, and I understand that it's not necessarily the case that everything's confidential, a more efficient review was everything at once.**
- For document request No. 4 and 14/15, I am trying to follow the objection. Does SAG claim that there are no training materials provided to Celtic Marketing? Similarly, does SAG assert that it does not have any policies or procedures for TCPA compliance?
    - **That's correct.**
- For Document Request No. 6, 7 all information related to Celtic Marketing should be produced.
    - **There are no documents for SAG even related to Celtic, because there's no policy or written contract, but anything that comes in ESI will be produced.**
- For Document Request No. 8, all documents should be produced.
    - **All ESI will be produced and we agree to a 1/1/18 temporal limitation.**
- For Document Request No. 9, there's no agreement with Celtic Marketing?
    - **Correct.**
- Please advise when the production will be completed for Document Request No. 10, 11.
    - **You will send us the search terms used and what you have gathered should be included in the August 7 production.**
- For Document Request No. 16, please advise as to the basis for producing e-mails but not the other requested forms of communication.
    - **Tim Schuur said it was only e-mail, but you are confirming.**
- We disagree that Request No. 17 and 18 are not in SAG's possession, custody or control. We've previously addressed this in another matter with Judge Wolson and intend to similarly move.
    - **We'll table this.**

1

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Sunday, June 28, 2020 1:39 PM
**To:** Sofia Medina <SMedina@rothjackson.com>; csm@consumerlaw365.com
**Cc:** Genevieve Bradley <GBradley@rothjackson.com>; Biniam Tesfamariam <BTesfamariam@rothjackson.com>; Coller, Brenden <BColler@cozen.com>
**Subject:** RE: Newell v. Strategic: Def's First Obj and Resp to Pl's RFPs and Interrogatories

Thank you, Sofia.

Gen, we want to confer on the following issues:

1. Interrogatory No. 3 – we're requesting that this response be supplemented for Celtic Marketing
2. Interrogatory No. 4 – we're requesting that this response be supplemented for Celtic Marketing
3. We'd like to confer on Interrogatory No. 5. It seems unclear how SAG's position could be that no one from SAG or Celtic Marketing spoke with the Plaintiff.
4. A complete response should be provided for Interrogatory No. 10, 11 and 12, which is relevant to vicarious liability.
5. For the document requests, a protective order is a FRCP 26 issue. Please provide a draft that we could consider jointly or a motion should be filed. Furthermore, is SAG claiming that *all* responsive documents it has are confidential?
6. For document request No. 4 and 14/15, I am trying to follow the objection. Does SAG claim that there are no training materials provided to Celtic Marketing? Similarly, does SAG assert that it does not have any policies or procedures for TCPA compliance?
7. For Document Request No. 6, 7 all information related to Celtic Marketing should be produced.
8. For Document Request No. 8, all documents should be produced.
9. For Document Request No. 9, there's no agreement with Celtic Marketing?
10. Please advise when the production will be completed for Document Request No. 10, 11,
11. For Document Request No. 16, please advise as to the basis for producing e-mails but not the other requested forms of communication.

12. We disagree that Request No. 17 and 18 are not in SAG's possession, custody or control. We've previously addressed this in another matter with Judge Wolson and intend to similarly move.

We're also looking for a deposition date for Tim Schuur.


Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Sofia Medina <SMedina@rothjackson.com>
**Sent:** Friday, June 26, 2020 4:32 PM
**To:** 'anthony@paronichlaw.com' <anthony@paronichlaw.com>; csm@consumerlaw365.com
**Cc:** Genevieve Bradley <GBradley@rothjackson.com>; Biniam Tesfamariam <BTesfamariam@rothjackson.com>; 'Coller, Brenden' <BColler@cozen.com>
**Subject:** Newell v. Strategic: Def's First Obj and Resp to Pl's RFPs and Interrogatories

Gentlemen,

An Genevieve Bradley's request, please find attached Strategic Administration Group's First Objections and Responses to Plaintiff's First Interrogatories and Requests for Production. The interrogatory verification will follow shortly.

Thank you,

Sofia Medina | Paralegal | (703) 485-3539 (direct) | smedina@rothjackson.com
8200 Greensboro Drive | Suite 820 | McLean, Virginia 22102 | (703) 485-3535 (main) | (703) 485-3525 (fax)



NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.